# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **D.M.**

**No. 21-0464** (Putnam County 20-JA-95)

## MEMORANDUM DECISION

Petitioner Mother A.C., by counsel Alan L. Pritt, appeals the Circuit Court of Putnam County's May 6, 2021, order terminating her parental rights to D.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Catherine Bond Wallace, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her request for a post-adjudicatory improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2020, the DHHR filed an abuse and neglect petition alleging that petitioner exposed then one-year-old D.M. to drug abuse and failed to provide him with a safe home. According to the petition, Child Protective Services ("CPS") launched an investigation after it received a referral that another child living in the home, unrelated to petitioner, was found dead in the home of an unknown cause.[2] The DHHR alleged that petitioner and the child were living in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Although the record is unclear as to the infant's cause of death, there are no allegations that petitioner contributed in any way to the death of that child.

the home with the deceased infant's mother and grandfather, known drug abusers. The DHHR further alleged that there was drug paraphernalia and methamphetamine residue found in the home.

After a continuance, the circuit court held an adjudicatory hearing in March of 2021. At the hearing, a CPS worker testified in support of the allegations in the petition. Specifically, the CPS worker stated that upon her arrival to investigate the child fatality allegations at the home, she observed drug paraphernalia and residue within reach of D.M. She further indicated that the child was dirty and his back was bruised. Next, petitioner testified that she had never witnessed drug activity in the home, that she did not use drugs, and that to her knowledge there were no drugs or drug paraphernalia found in her bedroom at the time of the investigation. Petitioner further stated that D.M. is anemic, which she believes causes him to bruise easily. Finally, petitioner testified that the home was not her permanent residence and that she never allowed D.M. "out of [her] sight" while she was living in that home. Petitioner also moved for a post-adjudicatory improvement period, which the circuit court held in abeyance.

The next month, the circuit court issued an order adjudicating petitioner as an abusing parent. The court found that petitioner and the child lived for several weeks in a home that was in deplorable condition, with drugs and drug paraphernalia within reach of the child; that other individuals in the home admitted drug abuse; that D.M. was dirty and had multiple bruises at the time of the investigation; that petitioner testified the child was always with her, yet she had no knowledge of or explanation for the child's bruises; and that the circuit court did not find petitioner's testimony credible.

In April of 2021, the guardian filed a report recommending that the circuit court deny petitioner's pending motion for a post-adjudicatory improvement period. The guardian acknowledged that petitioner had availed herself of some offered services but had not accepted responsibility for the conditions of abuse and neglect. The guardian stated in the report that she did not believe petitioner had the judgment necessary to make safe parental decisions regarding the safety of the child and recommended termination of her parental rights. Later that month, the circuit court held a dispositional hearing wherein it considered petitioner's motion for an improvement period, as well as the DHHR's and guardian's motions to terminate petitioner's parental rights. The DHHR made arguments in support of its motion, noting that petitioner still failed to acknowledge any wrongdoing that led to her being adjudicated as an abusing parent. Petitioner put on evidence that she had complied with services, including passing all of her drug screens. However, petitioner's counsel admitted that petitioner had "made no acknowledgment of the findings at the adjudicatory hearing" and "continues to be adamant that she had no knowledge of the issues in the home."

At the conclusion of the hearing, the circuit court denied petitioner's motion for an improvement period. In light of the evidence presented at the dispositional hearing, the circuit court found that petitioner had "failed to acknowledge any wrongdoing whatsoever in this matter." The circuit court further found that due to petitioner's lack of acknowledgment, she is "not amenable to treatment services." Based upon this evidence, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected

in the near future and that it was in the best interests of the child to terminate petitioner's parental rights.[3] The circuit court entered an order reflecting its decision on May 6, 2021. Petitioner appeals from this order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her a post-adjudicatory improvement period. Petitioner contends that many of the allegations against her were untrue and that the circumstances that led to the child's removal "were essentially because of the conditions of the home she was residing in, which was largely related to her economic conditions."[4] Petitioner notes that her drug screens were negative and she fully participated in the limited services offered to her. Petitioner argues that these efforts demonstrate that she could have substantially corrected the conditions of abuse and neglect if granted an improvement period. We find petitioner's arguments unavailing.

This Court has held that an individual "charged with abuse and/or neglect is not unconditionally entitled to an improvement period." *In re Emily*, 208 W. Va. 325, 336, 540 S.E.2d 542, 553 (2000). West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the[y are] likely to fully participate in the improvement period." "This Court has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the . . . parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (citation omitted). However, the circuit court has discretion to deny

---

[3]The father's parental rights were terminated below. The permanency plan for the child is adoption by his foster family.

[4]Petitioner does not challenge her adjudication on appeal.

3

an improvement period when no improvement is likely. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Further, we have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted).

Contrary to petitioner's argument, we see no error in the circuit court's determination that petitioner was not likely to fully participate in an improvement period. The circuit court found that petitioner failed to acknowledge or take any responsibility for the conditions that led to the abuse and neglect of the child. Even at the dispositional hearing, petitioner's counsel admitted that petitioner had "made no acknowledgment of the findings at the adjudicatory hearing" and "continues to be adamant that she had no knowledge of the issues in the home." While petitioner argues that she proved she was likely to participate in an improvement period by participating in drug screens and complying with the limited services offered to her, these actions alone could not have been successful without petitioner's recognition of her abuse and neglect of D.M. As such, there is ample evidence that petitioner's repeated failures to acknowledge the conditions of abuse and neglect resulted in her inability to establish that she was likely to fully participate in an improvement period. Given this evidence, we find no error in the circuit court's decision to deny petitioner a post-adjudicatory improvement period.

Next, petitioner takes issue with the timeframe from adjudication to termination, arguing that she should have been given additional time and an opportunity to demonstrate that she could correct the conditions of abuse and neglect. However, we have previously held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4, in part (citation omitted). Further, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 6, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: November 8, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton